UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BYAN D. PHILLIPS, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-01051-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACITON<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 2) |

　　　Plaintiff is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action, along with a motion to proceed in forma pauperis, on June 30, 2023, in the United States District Court for the Eastern District of California, Sacramento Division. On July 14, 2023, the action was transferred to this Court.

**I.**

**DISCUSSION**

　　　The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury.  The Court takes judicial notice[1] of the following United States District Court cases: (1) Harris v. Hickey, Case No. 1:96-cv-5770 GEB HGB PC (E.D. Cal.) (dismissed on April 7, 1997 as frivolous); (2) Harris v. Hickey, Case No. 1:97-cv-5186-REC-HGB PC (E.D. Cal.) (dismissed on July 28, 1997 as frivolous); (3) Harris v. Coyle, Case No. 1:97-cv-5508-AWI-DLB PC (E.D. Cal.) (dismissed on January 21, 1999 as frivolous, malicious and for failure to state a claim); see also Harris v. Brooks, Case No. 1:2:09-cv-01818-WBS-DAD PC (E.D. Cal. Mar. 22, 2010) (finding plaintiff had, on three or more occasions, brought an action that was dismissed for failure to state a claim which relief may be granted).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on June 13, 2023 (with application of the mailbox rule).  Andrews, 493 F.3d at 1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing.  In the instant complaint, Plaintiff alleges that the Department of Corrections has stolen money from his prison trust account without due process of law and in violation of his equal protection rights.  Plaintiff also contends that medical staff at California Substance Abuse Treatment Facility (SATF) have denied him medical supplies and his

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 634 n.1 (N.D. Cal. 1978).

rights under the Americans with Disabilities Act have been violated. Plaintiff has not established he "faced 'imminent danger of serious physical injury' at the time of filing." Andrews, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Plaintiff makes no allegation of imminent danger of serious physical injury at the time he filed his complaint. See Andrews, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). Therefore, Plaintiff does not establish an exception to the three-strikes rule of § 1915(g), and he is precluded from proceeding in forma pauperis in this action.

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $402.00 filing fee in full if he wishes to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 17, 2023**

UNITED STATES MAGISTRATE JUDGE

3